```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION

THOMAS G. BROUSSEAU,           )
                               )
     Plaintiff,                )
                               )
v.                             )   No. 3:04-1025
                               )   Judge Echols
UNITED STATES OF AMERICA,      )
                               )
     Defendant.                )
```

## MEMORANDUM

Pending before the Court are the Report and Recommendation ("R&R") of the Magistrate Judge entered on May 27, 2005 (Docket Entry No. 20), and pro se Plaintiff's Objections (Docket Entry No. 21) thereto. The Magistrate Judge recommends that this Court take the following actions: (1) grant Defendant's Motion for Summary Judgment (Docket Entry No. 5); (2) dismiss this action with prejudice and order Plaintiff to pay the penalties for filing frivolous returns; (3) deny Plaintiff's Motion That the District Court Declare Invalid the IRS Determination at Issue Docket Entry No. 15); and (4) grant leave to Defendant to file an application for fees and related expenses pursuant to Local Rule 13(e).

### I. STANDARD OF REVIEW

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, this Court is required to review the Magistrate Judge's recommendations de novo. "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or

1

recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

## II. FACTS, PROCEDURAL BACKGROUND, AND ANALYSIS

Plaintiff, proceeding pro se, filed this action against the United States of America, challenging a Notice of Determination made by the Internal Revenue Service ("IRS") that a levy against Plaintiff for money due to the IRS was warranted. Plaintiff seeks (1) declaratory judgment that the IRS "determination" of October 22, 2004, is invalid since no valid hearing was ever held and (2) reimbursement of $2,359.58, the costs for bringing this action. Plaintiff claims his wages were not income and, therefore, not subject to taxation by the IRS. Not surprisingly, the IRS disagrees with Plaintiff's evaluation and assessed a statutory civil penalty of $500 for filing a frivolous tax return for each of the years from 1998 to 2002. When those penalties were not paid by Plaintiff, the IRS issued Plaintiff a final notice of intent to levy on Plaintiff's property on May 22, 2004.

Plaintiff requested a collection due process hearing ("CDP"), which was granted and held. Again not surprisingly, the IRS rejected the numerous constitutional and legal challenges presented by Plaintiff and affirmed its prior determination that income taxes were due. Following the hearing, the IRS Office of Appeals issued a Notice of Determination upholding the penalties and sustaining the proposed levy against Plaintiff.

2

Dissatisfied, but undeterred, Plaintiff filed the instant suit challenging the Notice of Determination made by the IRS. Plaintiff contends the IRS hearing officers did not conduct the CDP hearing in accordance with governing law and regulations and failed to permit him to present his arguments, which denied him a fair hearing by an impartial officer. Additionally, Plaintiff alleges the issuance of the Notice of Determination has no basis in law or fact.

On February 7, 2005, Defendant filed a Motion for Summary Judgment (Docket Entry No. 5), contending that (1) the IRS did not abuse its discretion in rejecting Plaintiff's arguments that his wages were not income subject to taxation; (2) the issuance of the Notice of Determination of the levy by the IRS was appropriate and legal; (3) the CDP hearing was conducted by an impartial officer who complied with applicable law and administrative procedures; (4) the Notice of Determination was properly issued and Plaintiff was provided with copies of the certificate of assessments and payments showing the date of the assessments at issue; and (5) Plaintiff failed to raise any relevant issue or offer any legitimate collection alternative. Defendant further asserts that in the event the Court considers the merits of the penalty assessment against Plaintiff, the assessment is supported by the record because there is no basis to support Plaintiff's theory that wages are not income. Therefore, Plaintiff's tax returns were legally

3

frivolous as a matter of law.  Defendant also requests attorneys' fees and costs.

In response, Plaintiff contends he was denied due process of law at the CDP hearing and that the hearing was deficient and unfair for various reasons, which he enumerates.  (Docket Entry No. 20 at 4-5).

In her R&R, Magistrate Judge Griffin addresses in detail the assorted arguments raised by Plaintiff.  The Court finds the analysis by the Magistrate Judge is correct and adopts it in its entirety.

In Plaintiff's objections to the R&R, Plaintiff restates many of the same arguments previously rejected by the Magistrate Judge. To the extent these arguments were considered and ruled upon by the Magistrate Judge, they are overruled for the reasons set forth in the R&R.

Plaintiff also cites specific language in the R&R which he alleges to be an incorrect statement of the law.  For example, Plaintiff contends that the Magistrate Judge erred in her R&R by stating "Treasury Decision 1995, dated June 12, 1914, which required that 'Form 17' be used for notice and demand letters, is no longer applicable to the form of notice and demand letters sent by the Secretary" but instead, 26 U.S.C. § 6303(a) "now governs the requirements for notice and demand letters and does not require any particular form of notice so long as the notice gives notices of

4

the assessment, states the amount due, and demands payment."
(Docket Entry No. 20 at 10-11). Without citation to authority,
Plaintiff asserts "Treasury Decision 1995 has never been revoked"
and "[t]herefore a 'Form 17' is the statutory notice and demand
required by law." (Docket Entry No. 21 at unnumbered page 6). As
for the exact form of notice, Plaintiff observes that "[b]eing in
the business world, [he] finds it hard to believe that the
government, especially the IRS, does not have an exact form for
each action or procedure." (Id.)

Despite Plaintiff's assertion about the continued viability of
"Form 17," the hurdle which Plaintiff can not overcome is the fact
that the law is exactly as it was portrayed by the Magistrate
Judge. See Barnett v. United States, 366 F.3d 1243, 1244 (11th Cir.
2004).

In Barnett, the United States Court of Appeals for the
Eleventh Circuit noted that a taxpayer's reliance on Treasury
Decision 1995 of June 12, 1914 as requiring that a "Form 17" be
utilized was "misplaced because 16 U.S.C. § 6303(a), which was
enacted in 1986, currently governs the requirements for notice and
demand letters." Id. at 1244. As for the form of notice, the
Barnett court joined two other Circuits, including the Sixth
Circuit, in holding that § 6303(a) does not require any particular
form of notice." Id. citing, Shiff v. United States, 919 F.2d 830,
833 (2d Cir. 1990)(*per curiam*); Planned Invs. Inc. v. United

5

States, 881 F.2d 340, 344 (6th Cir., 1989). Thus, the Magistrate Judge's rulings on these matters are a correct application of the law.

Plaintiff also contends the R&R is in error because Defendant has not shown that the Secretary of the Treasury delegated the power to issue the Notice of Intent to Levy to another representative. However, the law does not require the government to produce such written delegation of authority. "'[T]he IRS is not required to provide the taxpayer with . . . a copy of the delegation of authority from the Secretary of the Treasury.'" Borchardt v. C.I.R., 338 F.Supp.2d 1040, 1043 (D. Minn. 2004)(collecting cases); see also, Rennie v. I.R.S., 216 F.Supp.3d 1078, 1082 (E.D. Cal. 2002)(the IRS does not have to produce documentation of the delegation of authority to enforce the Internal Revenue laws).

Plaintiff further asserts the Magistrate Judge erred in upholding the validity of the Notice because the Notice of Intent to Levy was not signed in accordance with the provisions of 26 U.S.C. § 6061. As the Magistrate Judge correctly pointed out, however, that particular statutory provision applies to returns and other documents by the taxpayers, not documents from the IRS. (See, Docket Entry No. 20 at 11-12). Congress enacted section 6061 (along with sections 6062-6064) "to simplify the task of both the taxpayer and Internal Revenue Service by permitting a verified

6

return to be substituted for a notarized return in certain situations." Watt v. United States, 1996 WL 149326 *2 (D. Wyo. 1996). Plaintiff's belief that the index to Title 26 mandates a different conclusion (see Docket Entry No. 21 at unnumbered page 7) is simply incorrect.

Plaintiff next claims that the Magistrate Judge erred in upholding the assessment of penalties for years 2000 and 2002 because the copies of the "Penalty Screening Committee Case Approval Record" do not have the signatures of the Group Manager, the Penalty Screening Committee, and the Quality Review Section Chief as required by the form. According to Plaintiff, "[a] reasonable man would conclude that no penalty could be assessed without all the required signatures" and thus there could be "no levy action against the Plaintiff." (Id.)

A similar claim was rejected by the court in Borchardt, supra. After noting there is no requirement that the IRS provide taxpayers with any documentation as a part of the CDP hearing, the court held "[n]o approval of the assessment by an immediate supervisor is required because this is an automatic penalty for a fixed amount." Borchardt, supra 338 F.Supp.2d at 1044 (collecting cases). In this case, the assessment for both 2000 and 2002 was for the fixed statutory amount of $500.00. Therefore, there was no need for further approval of the penalty amount, even though the form

7

Plaintiff received had signature lines for several potential signatures.

Finally, Plaintiff challenges the Magistrate Judge's recommendation that attorney's fees and costs be assessed. Plaintiff claims he was acting "in good faith to protect him from, what a reasonable man would understand to be, an illegal levy proceeding." (Docket Entry No. 21 at unnumbered page 9). Plaintiff also contends "[t]his action would not have occurred had someone at the IRS corresponded with the Plaintiff and explained his error in reasoning and pointed out the proper code sections or regulations to read and understand." (Id.).

The Court finds that Plaintiff's proposed "good faith" defense must fail. Plaintiff's assertions to excuse his actions are not novel or unique. They previously have been tried and tested in the courts to no avail. Plaintiff's arguments are not distinguishable and are not logical under the facts and circumstances in this case. The Magistrate Judge's analysis and decision are correct.

Furthermore, Plaintiff's underlying premise that he was not liable for paying income taxes on his wages is fundamentally flawed, and the courts have so held many times. It was not incumbent upon the IRS to explain why Congress and the courts have the authority to require it. The "tired argument" that wages are not income was settled almost twenty years ago. Coleman v. C.I.R., 791 F.2d 68, 70 (7th Cir. 1986).

As the Court has found the "good faith" defense to be without merit, the Court agrees with the Magistrate Judge that Defendant is entitled to attorney fees and related expenses available under 28 U.S.C. § 2412(a).

### III.   CONCLUSION

On the basis of the foregoing, Plaintiff's Objections (Docket Entry No. 21) will be overruled and the Magistrate Judge's R&R (Docket Entry No. 20) will be adopted. Defendant will be granted leave to file an application for attorney fees and related expenses under 28 U.S.C. § 2412(a).

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE